UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

December 09, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Latonya Bigger, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-21-3217 |
| | § | |
| Kilolo Kijakazi, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.    *Introduction*

Latonya Marie Bigger applied for and was denied disability benefits under Title II of the Social Security Act. After an administrative hearing before an ALJ, the Commissioner of Social Security determined that she was not disabled within the meaning of the statute. The parties have cross-moved for summary judgment, and the central issue is whether the Commissioner's decision is supported by substantial evidence. Finding that it is, the judgment of the ALJ will be affirmed.

2.    *Standard of Review*

Bigger has brought this action for judicial review of the Commissioner's final decision to deny him disability insurance benefits.[1] This review is limited to determining whether substantial evidence in the record supports the Commissioner's decision — a level of proof sufficient for a reasonable mind to accept as adequate, which must be more than a scintilla but need not be a

---

[1] 42 U.S.C. § 405(g).

preponderance.[2]

3.    *Statutory Criteria*

The merits of a disability claim are analyzed under a five-step evaluation process, wherein the Commissioner looks to whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals one listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantially gainful activity.[3]

4.    *Discussion*

A.    *Background*

On November 17, 2019, Bigger applied for disability insurance benefits, alleging disability beginning December 31, 2016. She had claimed that she was disabled because of carpal tunnel syndrome, diabetes, and cataracts.[4] Bigger testified that after working as a dispatcher for almost 26 years, she stopped working after 2016 due to numbness, tingling, and weakness in her hands.[5] After Bigger's application was denied initially and on reconsideration, a hearing was held before an ALJ, who determined that she was not disabled.[6]

In determining that Bigger was not disabled, the ALJ employed the five-

---

[2] *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992). *See also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

[3] 20 C.F.R. § 404.1520(a)(4); *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted).

[4] [Doc. 9] at 72.

[5] *Id.* at 36–37.

[6] *Id.* at 23.

step evaluation process.[7] First, the judge found that Bigger had not been gainfully employed since December 31, 2016. Second, the judge found that Bigger was severely impaired by: (a) carpometacarpal joint arthritis and trigger finger of the left thumb; (b) diabetes mellitus; and (c) cataracts.[8] The judge also found impairments of obstructive sleep apnea, hypertension, hyperlipidemia, gastroesophageal reflux disease, and diarrhea; however, these impairments were deemed slight, not severe.[9] Third, the judge found that none of those impairments met one listed under the regulations.[10] Fourth, the judge determined that Bigger had the residual functional capacity ("RFC") to perform the full exertional range of her work, with certain limitations.[11] Fifth, the judge determined that Bigger, in light of her RFC, could perform as a dispatcher.[12]

### B.   Issue on Appeal

In her appeal to this Court, Bigger challenges the ALJ's residual functional capacity assessment, taken between Steps 3 and 4, and its Step 4 analysis. She asserts that the ALJ erred in determining her RFC capacity, and those errors resulted in the determination that she had the ability to perform her past relevant work.

Bigger contends that the RFC determination is not supported by substantial evidence. She attacks Dr. Willits' assessment of her impairments and

---

[7] 20 C.F.R. 404.1520(a)(4).

[8] [Doc. 9] at 18.

[9] Id. at 18–19.

[10] Id. at 19.

[11] The ALJ imposed the following limitations on Bigger, who: is limited to lifting 20 pounds; may have to wear biliateral wrist braces; may have to take 5-minute breaks in the morning and afternoon to administer diabetes treatments; will need to wear prescription eyeglasses; and must work within a 5-minute walk to a restroom. Id.

[12] Id. at 23.

3

also argues that the ALJ did not properly consider the relevant time period and much of the evidence therein. Bigger also argues that in assessing whether she could perform her past work in light of the RFC, the ALJ committed error by failing to assess her past relevant job.

5.    *Analysis*

A.    *Step 3.5: The RFC Determination*

Before the agency can proceed from Step 3 to Step 4, it must assess the claimant's RFC.[13] Bigger claims that the ALJ did not consider the evidence before Bigger's 2020 surgeries, but the record indicates that the ALJ did review Bigger's medical history for the entire relevant period.[14] The ALJ also made repeated references to his careful review of the entire record, and such assertions are presumptively true.[15]

Bigger also takes issue with the ALJ's determination that Dr. Willits' medical source statement was internally inconsistent and unsupported by the objective findings. According to Bigger, the ALJ should not have discredited indicators that her symptoms were significant; however, this Court cannot say that the accounts were wholly consistent, and will not disturb the ALJ's resolution as to the weight of dueling evidence. Moreover, the ALJ's assessment of Dr. Willit was not made in a vacuum; in light of the opinions he deemed inconsistent, the ALJ reviewed the past medical evidence, including assessments by state agency consultant doctors, and decided that all of the other evidence painted a more consistent picture and was therefore more persuasive.[16] This Court cannot challenge the ALJ's value judgment in this regard.

---

[13] 20 C.F.R. 404.1520(a)(4).

[14] [Doc. 9] at 20–22.

[15] *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) (affirming the ALJ's citation of certain evidence and omission of other evidence, concluding that it saw no reason or to dispute the ALJ's assertion that he considered all of the evidence).

[16] [Doc. 9] at 22.

Finally, Bigger contends that the ALJ erred by failing to properly consider opinion evidence. The ALJ, however, did explicitly Bigger's non-objective statements, including that she had a tendency to drop things. The ALJ may make value judgments after considering competing evidence, but Bigger mistakenly equivocates this process with the proposition that the ALJ never considered the opinion evidence at all.

B.    *Assessing Bigger's Past Relevant Job*

Bigger contends that the ALJ erred in the Step 4 analysis by failing to analyze the demands of her past work and the effects of her severe impairments on her ability to perform that work.

The ALJ evaluated the demands of Bigger's past work by relying on the plaintiff's "own account," the vocational expert's testimony, and the description of the job as it appears in the Dictionary of Occupational Titles (DOT).[17] These sources are perfectly acceptable and in fact typical.[18] While the ALJ's analysis was briefer than Bigger would have preferred, it is substantial.

With respect to the effects of Bigger's severe impairments, it is true that the ALJ did not mechanically undergo a "function-by-function" analysis. The ALJ, however, does not have to isolate each severe impairment and assess its limitations.[19] The ALJ copiously cited to the record, including a detailed accounting of her relevant medical history.[20] In assessing the totality of the evidence, the ALJ concluded that the nature and extent of Bigger's pain did not preclude her from performance as a "dispatcher," and this finding is within the

---

[17] *Id.* at 23.

[18] *See, e.g., Carey v. Apfel,* 230 F.3d 131 (wherein each of these three sources were referenced as legitimate evidence without fanfare).

[19] *See, e.g., Jones v. Kijakazi,* No. 320CV00608KHJBWR, 2022 WL 4079264 at *2 (S.D. Miss. 2022) (citations omitted).

[20] *See* [Doc. 9] at 20–22.

ALJ's discretion.[21]

6.      *Conclusion*

The ALJ's decision denying Latonya Bigger's claim for disability benefits is supported by substantial evidence, so the Commissioner will prevail on summary judgment.

Signed on December 8, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[21] To constitute disabling pain, the pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). Whether pain is disabling an issue for the ALJ, who enjoys considerable deference in making the determination. *Id.* (citations omitted).